FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA C.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 1:20-CV-03193-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court are cross-motions for summary judgment. ECF Nos. 17, 18. The motions were heard without oral argument. Plaintiff is represented by Cory J. Brandt; Defendant is represented by Sarah L. Martin and Timothy M. Durkin.

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~1

reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

## I. Jurisdiction

On December 6, 2018, Plaintiff filed an application for supplemental security income. Plaintiff alleged a disability onset date of August 1, 2006.

Plaintiff's application was denied initially and on reconsideration. On June 2, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On June 4, 2020, Plaintiff appeared and testified at a video hearing held before ALJ C. Howard Prinsloo, as did Vocational Expert Thomas Weiford. *Id.* at 31. The ALJ issued a decision on July 1, 2020, finding that Plaintiff was not disabled. AR 26.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on September 8, 2020. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 7, 2020. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2**

education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional

capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) Frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v)

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.*
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.*
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

Plaintiff argues Ninth Circuit precedent pertaining to the evaluation of medical sources using the "treating source rule" still applies. In prior cases, the Ninth Circuit held that an ALJ must provide "clear and convincing" reasons for rejecting an uncontradicted physician's opinion or "specific and legitimate reasons" for rejecting a contradicted physician's opinion. *Lester v. Chater*, 81 F.3d

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~6

821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet had the opportunity to address the impact of the new regulations on its prior holding.

Here, the Court will apply the regulations as written and not apply the framework provided in *Lester*. *See Lambert v. Saul*, 980 F.3d 1266, 1274 (9th Cir. 2020).

### IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 39 years old. Plaintiff has a ninth-grade education and little consistent work history since December 6, 2018, the application date. Plaintiff testified she left her employment as a housekeeper in 2002 after an estimated four to six months of employment. She testified symptoms of paranoia and anxiety caused her to quit. The record does not reflect any work activity since 2008.

Plaintiff asserts symptoms of knee pain and obesity prevent her from standing longer than five minutes at a time, she gets winded walking short distances, and cannot lift anything heavy. She says her symptoms of anxiety and depression were significantly affected by the death of her mother in April 2019.

Plaintiff has had extended periods of homelessness and is a self-described couch surfing, at times living with relatives. She reports isolating at least five days a week because it is difficult to go into public by herself. If she does go out, she is often accompanied by family members to grocery shop twice a month and attend appointments. Plaintiff takes prescribed Hydroxyzine for her anxiety and Buproprion for depression.

### V. The ALJ's Findings

On July 1, 2020, the ALJ issued an opinion affirming denial of benefits. The ALJ concluded that Plaintiff's allegations were not consistent with the record

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

which generally showed that 1) Plaintiff has mild osteoarthritis in her left knee but there are no severe physical deficits which affect her and 2) Plaintiff retains intact or nearly intact functioning despite anxiety and depression symptoms. AR 28. The ALJ held that Plaintiff was not disabled and can make a successful adjustment to work that exists in significant numbers in the national economy. AR 30.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 6, 2018. AR 22.

At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder, obesity, and left knee degenerative joint disease. AR 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 22. Further, obesity was determined to not exacerbate any other impairment to the level of medically equaling a listing. AR 21. Plaintiff's obesity was considered during the assessment of her abilities within the context of her residual functional capacity. AR 21. Plaintiff's anxiety and panic attacks were found to provide moderate limitations to Plaintiff's ability to remember or apply information, to Plaintiff's ability to interact with others, and to Plaintiff's ability to concentrate, persist, and maintain pace. AR 21, 23. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR § 404.1567(b) with some additional limitations of standing or walking for a total of four hours in an eight-hour workday, can occasionally climb ramps and stairs, and can occasionally crouch. She cannot climb ladders, ropes, or scaffolds and cannot kneel or crawl. She must avoid concentrated exposure to excessive vibration or hazards. Plaintiff is capable of simple, routine, one to three-step instructions and tasks with only occasional, superficial public contact.

*Id.* at 23.

At step four, the ALJ found that Plaintiff has no past relevant work. AR 29.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including production assembler, hand packager, and small products assembler. AR 30.

## VI. Issues for Review

(1) Whether the ALJ erred by rejecting medical opinions of Plaintiff's treating and examining physicians, Dr. Anh Bui, Dr. Tasmyn Bowes, and Dr. K. Mansfield-Blair;

(2) Whether the ALJ erred in rejecting Plaintiff's subjective testimony;

(3) Whether the ALJ erred in rejecting the lay witness statement of Plaintiff's mother, Ms. Teresa Lathrop; and

(4) Whether the ALJ erred in finding Defendant met the step five burden.

## VII. Discussion

### (1) ALJ's treatment of the Medical Opinions of Dr. Anh Bui, Dr. Tasmyn Bowes, and Dr. K. Mansfield-Blair

Plaintiff contends that the ALJ erred in rejecting the opinions of her treating physician, Dr. Bui, and evaluating physicians, Dr. Bowes and Dr. Mansfield-Blair, because Ninth Circuit precedent pertaining to the evaluation of medical sources using the "treating source rule" still applies. In the alternative, Plaintiff argues even if the new regulations are applied, the ALJ committed harmful error nonetheless by improperly evaluating the supportability and consistency factors of the forementioned medical opinions.

#### A. Dr. Anh Bui

Dr. Bui, MD, completed an assessment form listing Plaintiff's diagnosis as major depressive disorder and generalized anxiety disorder, with symptoms of deconditioning and obesity. AR 398. She opined that Plaintiff could perform less than sedentary work, would be off task for more than 50% of the workday, would miss more than four days per month, and would need to lie down approximately

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9

four times during an eight-hour shift. AR 397-398.

The ALJ found Dr. Bui's opinion not persuasive for the following reasons: (1) Dr. Bui did not provide any basis for Plaintiff's physical limitation; and (2) Dr. Bui's opinion regarding the physical limitation is inconsistent with the record as a whole.

Dr. Bui examined Plaintiff. Thus, Dr. Bui's opinion was based on her examination of Plaintiff, and therefore it is supported. The ALJ did not address Dr. Bui's conclusions regarding Plaintiff's mental health limitations that would cause her to miss work or maintain a steady job. Moreover, the ALJ erred in finding that Dr. Bui's opinion was not consistent with the record as a whole. The majority of medical sources evaluating Plaintiff's mental capacity and who examined Plaintiff found that her mental limitations, including her anxiety, would cause her to miss work and prevent her from maintaining a steady job. As Dr. Bui put it, Plaintiff "has more mental health limitations rather than physical limitations that would cause her to miss work or maintain a steady job." AR 398. Dr. Bui's opinion is supported and consistent with the record. Thus, the ALJ erred in finding that Dr. Bui's opinion was not persuasive.

### B. Dr. Bowes

Dr. Bowes, Psy.D, completed a Psychological/Psychiatric Evaluation for the Department of Social & Health Services. She concluded Plaintiff has marked limitations of maintaining appropriate behavior in a work setting and completing a normal schedule without interruption. AR 264. Dr. Bowes opined Plaintiff's psychiatric symptoms cause marked limitations of her ability to perform activities within a schedule and maintain attendance and appropriate behavior. AR 267.

Dr. Bowes noted that Plaintiff's basic grooming seemed marginal. She was cooperative and seemed open and honest in her presentation. Her mood was dysphoric, but her affect was appropriate and congruent.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10

Overall, the ALJ found Dr. Bowes' opinion to be unpersuasive due to inconsistency with the record as a whole and unsupported where there were no other findings of severe functional deficits. This conclusion is not supported by substantial evidence. Dr. Bowes' opinions were based on an examination and her conclusions are supported by the diagnosis of panic disorder. Plaintiff described having panic attacks, which is consistent throughout the record. Having panic attacks would affect her ability to maintain regular attendance, maintain appropriate behavior in a work setting, and complete a normal workday and work week without interruptions. The ALJ erred in finding Dr. Bowes' opinion to be not persuasive because they are supported and consistent with the record.

### C. Dr. K. Mansfield-Blair

Dr. Mansfield-Blair, Ph.D, conducted a consultative examination of Plaintiff, concluding she would have no difficulty performing simple and repetitive tasks, being supervised, and interacting in public, but she would have difficulty performing detailed and complex tasks, performing work activities consistently without instruction, and maintaining regular attendance to complete a normal workday and workweek. Dr. Mansfield-Blair relied on Plaintiff's performance on the memory tasks (she was only able to recall 2/3 objects after distraction) and because Plaintiff exhibited minimally adequate level of distress tolerance skill during the interview. Notably, Dr. Mansfield-Blair indicated that Plaintiff was exhibiting symptoms of anxiety.

The ALJ concluded that Dr. Mansfield-Blair's opinion was not well-supported and was inconsistent with the record as a whole. This conclusion is not supported by substantial evidence, as Dr. Mansfield-Blair gave her reasons for her conclusions. Her opinions are supported and consistent with the record. As such, the ALJ erred in finding that Dr. Mansfield-Blair's opinions were not persuasive.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

**D. Conclusion**

Under the new regulations, if equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. § 404.1520c(c)(3). Here, the ALJ found Patricia Kraft, Ph.D and John Gilbert, Ph.D's opinions persuasive because their opinions were supported by the review of the record and consistent with objective clinical findings and the observations of treatment providers. This is not sufficient, and therefore, the ALJ's conclusion is not supported by substantial evidence. As set forth above, Plaintiff's treatment providers who observed Plaintiff all concluded that she suffered from a panic disorder that would prevent her from full-time employment. As such, the ALJ erred in finding these opinions persuasive because the opinions are not supported by the record, are not consistent with objective clinical findings, and contradict the observations of treatment providers.

(2) **ALJ's treatment of Plaintiff's testimony**

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the objective medical and other evidence. It concluded the medical evidence did not substantiate her allegations of disabling limitations.

The ALJ erred in discounting Plaintiff's statements because the record demonstrates that Plaintiff suffers from a debilitating panic disorder. Although the ALJ conclude that Plaintiff showed poor engagement in treatment, the record indicates that this was due in part, to Plaintiff's panic attacks, including the inability to trust others to drive her to appointments. Notably, Plaintiff only goes shopping if she is with family members and even then, it is infrequent. As such, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted) (noting that the ALJ can only reject the claimant's testimony about the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~12

severity of the symptoms if it gives specific, clear and convincing reasons for the rejection).

The ALJ's finding that Plaintiff's subjective testimony was not credible was not properly supported by the record. For these same reasons, the ALJ erred in rejecting Plaintiff's mother's testimony.

### (3) Residual Functional Capacity

The ALJ determined Plaintiff had no past relevant work and a residual functional capacity to perform unskilled light work impeded by additional non-exertional limitations. AR 29-30. As set forth above, substantial evidence does not support the ALJ's conclusion that Plaintiff's ability to work an 8-hour day, 5 days a week would not be affected by her panic disorder. As such, the ALJ erred in determining Plaintiff's residual functional capacity.

### VIII.  Conclusion

The ALJ's decision was not supported by substantial evidence. When a Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels,* 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the Court finds that the three prongs have been met. The record supports the conclusion that Plaintiff is disabled due to her panic disorder. As such,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~13

the Court will remand for an award of benefits.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED.**

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of October 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~14